## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:18-cr-10289-FDS |
| | ) | |
| BRIAN WATKINS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## THE GOVERNMENT'S SENTENCING MEMORANDUM

## INTRODUCTION

The United States Government respectfully submits this memorandum in connection with the February 28, 2019 sentencing hearing.  The defendant, Brian Watkins, has pled guilty to one count of making false statements during a firearm purchase.  For this crime, the Government recommends that Mr. Watkins be sentenced to a term of 12 months of probation including 6 months of home detention, a fine of $4,000, and a mandatory $100 special assessment.  The Government believes this recommendation is sufficient, but not greater than necessary, to achieve the United States Sentencing Guidelines' ("USSG") goals of establishing respect for law, just punishment, deterrence, protection of the public, and rehabilitation of the defendant.

## DISCUSSION

The facts of this case are detailed in the Presentence Report ("PSR") dated February 20, 2019, and the Government incorporates those facts, which are uncontested.  Additionally, the Government states that the individual that Mr. Watkins provided the two firearms to has a criminal history score of V, had previously served multiple prison sentences for assault with a dangerous weapon and extortion.  This individual recently pled guilty in this Court to being a felon in possession of ammunition and was sentenced to 19 months imprisonment.

**Sentencing Factors Under 18 U.S.C. § 3553(a)**

18 U.S.C. § 3553(a) requires a sentencing court to consider specific, enumerated factors when determining an appropriate sentence.  These factors include: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide for the needs of the defendant.

1.  The Nature and Circumstances of the Offense

The facts of this case have never been in dispute.  On March 21, 2018, Mr. Watkins purchased a semi-automatic pistol at the request of an individual who could not purchase one himself due to multiple felony convictions.  In doing so, Mr. Watkins made various false statements during the purchase, and went as far as to file a false police report once he became aware that the individual may have confessed the scheme to law enforcement.  Mr. Watkins' actions are clearly criminal, but they are worthy of federal prosecution due to the brazen nature in which he was willing to give not one but two firearms to man he knew to be a criminal.

Mr. Watkins has made statements to law enforcement about this situation being a stupid mistake.  However, this was not an accident; it was not done out of fear or desperation; nor was it done for monetary reasons.  Mr. Watkins simply did not care what happened to those two pistols he purchased and provided to the felon.  It is not clear whether Mr. Watkins gave any thought or consideration to what this individual would do with those firearms – and there lies the seriousness of this crime.  There are very good reasons why convicted felons are prohibited from obtaining guns – at the top of the list is so that they are not able to use those guns during criminal activity.  While Mr. Watkins may have thought that the individual he gave those guns to would not be a danger to society, the fact is the individual wanted those guns so he could sell them to

third parties; third parties who may be gang-affiliated; drug dealers; armed robbers, but most importantly they are third parties who Mr. Watkins has never met.  Luckily, the individual sold one of these firearms to an ATF cooperator.  However, that was not guaranteed and he easily could have sold it to someone Mr. Watkins would most likely not want to purchase a gun for. But by committing this crime, the guns he bought very easily could have ended up on the street being used by whomever and against whomever.

2.  <u>The History and Characteristics of the Defendant</u>

Aside from a 1989 charge for abandoning a motor vehicle, which was ultimately dismissed on court costs, Mr. Watkins has no criminal history.   The Court has the benefit of the PSR to learn about Mr. Watkins' upbringing.  In it, it appears that Mr. Watkins was raised under difficult circumstances, but nevertheless managed to avoid legal trouble and obtain a well-paying job that he has to this day.  That is why his recent criminal activity is so strange and disappointing.  This was not a money making venture for Mr. Watkins; he simply wanted to help a known criminal acquire two semi-automatic weapons and ammunition to go with them.

3.  <u>The Sentence Imposed Must Reflect the Seriousness of the Offense</u>

18 U.S.C. § 3553(a)(2)(A) directs a sentencing court to consider the need for the sentence to reflect the seriousness of the offense committed.  As described above, Mr. Watkins provided forearms to a known felon.  Keeping firearms out of the hands of felons is paramount to reducing the ongoing gun violence in this District.  Mr. Watkins was willing to add to the proliferation of illegal firearms that permeate throughout the criminal underground and almost certainly would have resurfaced later in violent crimes had the ATF not prevented it.

4.  <u>The Sentence Must Promote Respect for the Law, Provide Just Punishment for the Offense, Afford Adequate Deterrence to Criminal Conduct, and Protect the Public from Further Crimes of the Defendant</u>

Despite the seriousness of this crime and the need to send a strong message that

purchasing firearms for those who cannot purchase them themselves will not be tolerated, the Government does not feel that a term of imprisonment is appropriate for this defendant. Mr. Watkins has no criminal record and has never spent any time imprisoned. He is now a convicted felon. For most defendants that pass through this Court, a felony conviction alone is not the end of the world. But for a 52 year old man, who from all accounts has spent his life obeying the law and being gainfully employed, to become a convicted felon and have a criminal record is a severe price. Furthermore, a term of 12 months probation is appropriate pursuant to USSG § 5B1.1(a)(2) because the Government is also recommending 6 months home detention. Mr. Watkins will be confined to his home but will be able to continue his employment under the supervision of the Probation department. A prison sentence of any length would likely result in Mr. Watkins losing his current employment, which could put him in a desperate position where he has no income and propel him to make more bad choices. Additionally, the Government is recommending a $4,000 fine for his actions, which is at the low end of his guidelines range, but consistent with a 12 month term of probation as detailed in the PSR. *See* PSR at ¶82.

When taken together, the Government believes its recommended sentence is sufficient but not greater than necessary, to achieve the USSG goals. It does not recommend a term of imprisonment because that would be greater than necessary in this case, but it does impose a penalty of home detention for 6 months and a fine of $4,000. As explained above, the Government has also taken into account the severe penalty of Mr. Watkins now being a convicted felon who must carry that stigma with him for the rest of his life. This sentence acknowledges that Mr. Watkins actions are a serious crime that will not be tolerated; it offers just punishment for Mr. Watkins, who is unlikely to commit more crimes in the future; and it provides a warning to other potential gun purchasers that they too will become convicted felons should they decide to purchase firearms under false pretenses.

## CONCLUSION

For the foregoing reasons, the Government respectfully recommends that this Court impose a sentence of 12 months probation including 6 months of home detention, a fine of $4,000, and a mandatory $100 special assessment.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

Date:  February 22, 2019              By:     /s/ *Nicholas Soivilien*
                                              Nicholas Soivilien
                                              Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I, Nicholas Soivilien, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date:  November 13, 2017                      /s/ *Nicholas Soivilien*
                                              Assistant United States Attorney